FILED

COPY

1   BRIAN VOGEL, SBN 167493
2   brian@bvogel.com                        2012 AUG -6  PM 1:42
    THE LAW OFFICES OF BRIAN A. VOGEL, PC
3   770 County Square Drive, Suite 104       CLERK U.S. DISTRICT COURT
                                             CENTRAL DIST. OF CALIF.
4   Ventura, CA 93003                              LOS ANGELES
    Telephone: (805) 654-0400
5   Facsimile: (805) 654-0326           BY _____

6
    Attorney for Plaintiffs
7   DENNY D. FIELDS AND ALETHIA M. ALVARADO

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNY D. FIELDS, an individual, and  )  Case No. **CV12-6739** —GAF
12  ALETHIA M. ALVARADO, an              )                      (MRWx
    individual,                          )
13                                       )  COMPLAINT FOR DAMAGES
14             Plaintiffs,               )
                                         )       Plaintiff Fields
15       vs.                             )  1.  42 U.S.C. § 1983
                                         )      (4th and 14th Amendments –
16  CITY OF SAN BUENAVENTURA;            )      Excessive Use of Force)
17  SAN BUENAVENTURA POLICE              )  2.  42 U.S.C. § 1983
    DEPARTMENT; POLICE CHIEF KEN         )      (4th and 14th Amendments –
18  CORNEY, an individual; OFFICER       )      Unlawful Seizure/False Arrest and
19  CRAIG KELLY, an individual;          )      Detention)
    OFFICER JOEL KLINE; an individual,   )  3.  *Monell* Related Claims
20  and DOES 1-10, inclusive,            )      on 42 U.S.C. § 1983 Claims
                                         )  4.  Assault
21             Defendants.               )  5.  Battery
22  _____ )  6.  Cal. Civil Code § 52.1
                                            7.  Negligent Infliction of Emotional
23                                              Distress
24                                          8.  Intentional Infliction of Emotional
                                                Distress
25
26                                               Plaintiff Alvarado
27                                          9.  42 U.S.C. § 1983 (4th
                                                Amendment – Warrantless Entry)
28

                                1

10. *Monell* Related Claims
on 42 U.S.C. § 1983 Claims
11. Trespass
12. Negligence
13. Invasion of Privacy

DEMAND FOR JURY TRIAL

## INTRODUCTION

1.     This is a complaint for money damages by Plaintiffs arising under 42 U.S.C. §§

1983 and 1988, and supplemental state law claims actionable under California Civil Code

§ 52.1 and California Code of Civil Procedure, § 526a.  Plaintiffs seek redress for

deprivation of their rights, privileges and immunities, secured by the Fourth and

Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.     Subject matter jurisdiction for this action is conferred upon this Court pursuant to

28 U.S.C. §§1331 and 1343, as it arises under 42 U.S.C. §1983.

3.     The acts complained of arose in the Central District of California.  Therefore,

venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper

pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants resides in or has its

principal place of business in the Central District of California.

## JURISDICTIONAL PREREQUISITES

Plaintiffs have fully complied with *California Government Code* section 910 *et*

*seq.* by timely filing claims with Defendant County of Ventura and timely filing this

2

1   lawsuit thereafter.

2

3                               PARTIES

4   4.      Plaintiff DENNY D. FIELDS ("Plaintiff Fields"), at all times mentioned herein,

5   was, and is, a resident of Ventura, Ventura County, California.

6           Plaintiff ALETHIA M. ALVARADO ("Plaintiff Alvarado"), at all times

7   mentioned herein, was, and is, a resident of Ventura, Ventura County, California.

8

9   5.      At all times material herein, Defendant City of San Buenaventura also known as

10  Ventura, ("Ventura" or "CITY") was, and is, a public entity authorized by law to establish

11  certain departments, responsible for enforcing the laws and protecting the welfare of the

12  citizens of the City of Ventura.  At all times mentioned herein, Defendant CITY was, and

13  is, ultimately responsible for overseeing the operation, management, and supervision of

14

15  the San Buenaventura or Ventura Police Department.  Defendant CITY is liable for the

16  negligent and reckless acts of all of these aforementioned parties, personnel and entities,

17  as described herein.

18

19  6.      At all times material herein, the San Buenaventura Police Department also known

20  as the Ventura Police Department ("VPD"), was, and is, a public entity responsible for

21  providing law enforcement services for Defendant CITY.

22

23  7.      At all times mentioned herein, Defendant VPD was, and is, the duly authorized

24  law enforcement agency in and for the City of Ventura, California, and was, and is,

25  responsible for overseeing the operation, management, and supervision of the VPD

26  employees who patrol in Ventura, California, and is liable for the negligent and reckless

27

28

                                      3

acts of all employees, personnel, and entities, including, but not limited to, any VPD

officer Does, inclusive.

8.      At all times material herein, Defendant CHIEF KEN CORNEY ("CORNEY"),

was the police chief of Defendant CITY, and was responsible for supervising, operating,

and managing VPD and was further responsible for the policies, customs, and procedures

used at VPD.

9.      At all times material herein, Defendant Officer CRAIG KELLY ("KELLY") was,

and is, a natural person, residing in the Central District of California and acting as a duly

appointed police officer employed by Defendant CITY at Defendant VPD which is

located in the Central District of California.

10.     At all times material herein, Defendant Officer JOEL KLINE ("KLINE") was, and

is, a natural person, residing in the Central District of California and acting as a duly

appointed police officer employed by Defendant CITY at Defendant VPD which is

located in the Central District of California.

11.     At all times material herein, upon information and belief, some of Defendant

DOES 1-10 were and are natural persons, residing in the Central District of California

and acting as duly appointed VPD officers employed by Defendants CITY and VPD

which are located in the Central District of California, acting at all relevant times within

the scope of their employment with CITY and/or VPD ("OFFICER DOES"). Upon

information and belief, Defendant OFFICER DOES were each responsible in some

manner for the injuries and damages alleged herein. The true names and identities of

4

1    Defendant OFFICER DOES are presently unknown to Plaintiff. Upon information and

2    belief, such employees include, *inter alia*, VPD officers who were involved in any

3    manner in the incidents alleged in this Complaint.  Plaintiffs will amend this Complaint to

4    allege their true names and capacities when they are ascertained.  Plaintiffs are informed,

5    believe and based thereon allege that each Defendant OFFICER DOE herein is in some

6

7    manner responsible for the injuries and damages suffered by Plaintiffs.

8

9    12.    Upon information and belief, Defendants DOES 1-10 were each responsible in

10   some manner for the injuries and damages alleged herein. The true names and identities

11   of Defendants DOES 1-10 are presently unknown to Plaintiffs.  At all relevant times

12   herein Defendants DOES 1-10 were employees and/or agents of CITY and/or VPD,

13

14   acting at all relevant times within the scope of their employment with CITY and/or VPD.

15   Defendant DOES 1-10 include, *inter alia*, VPD police officers or supervising employees

16   and/or agents who were involved in any manner in the incidents alleged in this

17

18   Complaint.  Plaintiffs will amend this Complaint to allege their true names and capacities

19   when they are ascertained.  Plaintiffs are informed, believe, and based thereon allege that

20   each Defendant DOE herein is in some manner responsible for the injuries and damages

21

22   suffered by Plaintiffs.

23                              GENERAL ALLEGATIONS

24

25   13.    This action is brought under Title 42 U.S.C. §§1983, 1988, and the Fourth and

26   Fourteenth Amendments of the United States Constitution and pursuant to the general

27   laws of the United States.  Plaintiff FIELDS alleges that he was assaulted, battered, bitten

28

                                            5

and tased with excessive force and then falsely arrested and detained by Defendants.

Plaintiff ALVARADO alleges that she was the victim of a warrantless entry by police

officers into her residence who caused property damage during their entry and search and

invaded her privacy.

14.     At all times relevant to the facts alleged herein, defendant officers, and each of

them, including Defendants KELLY, KLINE and OFFICER DOES, were responsible for

the unlawful conduct and resulting injury because they personally participated in the

conduct, acted jointly and in concert with others who did so, or authorized, acquiesced, or

failed to take action to prevent the unlawful conduct.  Each said defendant was acting in

the course and scope of their employment and acting under color of law.

15.     All non-municipal defendants, including Defendants KELLY, KLINE and

OFFICER DOES, inclusive are being sued in their individual and official capacities.  At

the time of the acts complained, each non-municipal defendant was a duly appointed VPD

officer employed as such by Defendants CITY and VPD.  At the time of the acts

hereinafter complained of, each said defendant acted in the course and scope of such

employment and acted under color of law.  Each non-municipal defendant failed and

refused, with deliberate indifference to Plaintiffs, to intervene to stop the unlawful

conduct, wrote materially false descriptions of the conduct, and otherwise ratified the

conduct that occurred by agents and officers of the VPD.

16.     At all material times, municipal defendants, including CITY, VPD, CHIEF KEN

CORNEY, and some of the DOES 1-10 were at all times responsible for the hiring,

6

training, supervision, and discipline of other defendants, and were responsible for violation of Plaintiffs' rights.

17.    At all material times, each defendant was individually and jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

18.    Plaintiffs are informed and believe, and on such information and belief allege that, at all times mentioned herein, each of the non-municipal defendants was the agent and employee of Defendants CITY and the VPD and, in doing the things herein mentioned, were acting within the scope of their authority as such agents and employees with the permission and consent of their co-defendants.

19.    Plaintiffs are informed and believe that each defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to Plaintiffs.

20.    In committing the acts and/or omissions alleged herein, all defendants acted under color of authority and/or color of law.

### FACTUAL ALLEGATIONS

### Plaintiff DENNY D. FIELDS

21.    On Christmas day, December 25, 2011, at approximately 9:00 p.m., Plaintiff FIELDS drove over to the residence of Plaintiff ALVARADO which is located at 9413 Petit Circle, Ventura, CA 93004.  The residence is located on a cul-de-sac which opens onto Petit Avenue.

7

22.     Plaintiff FIELDS and Plaintiff ALVARADO are former boyfriend and girlfriend. They have two children together who were ages five and thirteen at the time of the incident. Plaintiff FIELDS went to ALVARADO's residence on December 25, 2011 in order to give Christmas presents to his children.

23.     While Plaintiff FIELDS approached Plaintiff ALVARADO's residence, he noticed several Ventura Police Department ("VPD") officers talking to persons on Petit Circle on the other side of the cul-de-sac. Plaintiff FIELDS went into ALVARADO's residence and, seeing that no one was home yet, waited inside for his children to arrive.

24.     Approximately 10 minutes after Plaintiff FIELDS went into the residence, the doorbell rang four times in a row. Plaintiff FIELDS answered the door and observed that there were four or five VPD officers and a canine at the front door.

25.     Plaintiff is informed and believes that two of these officers were Defendant KELLY and KLINE. The others are not known to him and therefore have been included in this complaint as OFFICER DOES.

26.     One officer asked Plaintiff FIELDS to step outside. Plaintiff FIELDS answered "no" because he knew he had done nothing wrong and remained just inside the front door. He asked the officers if they would explain to him what was going on.

27.     One officer told Plaintiff FIELDS that they were looking for a stolen iPad and that the GPS signal indicated that it was in the residence. Plaintiff ALVARADO's residence is part of a duplex, so she shares one wall with another residence. At that point, Plaintiff FIELDS informed the police officers that the residence was not his but that his children

8

1    lived there and that he was waiting there for them to come home so that he could give

2    them their Christmas presents.

3

4    28.     One officer asked him who was present inside. Plaintiff FIELDS informed him

5    that it was just him.

6

7    29.     At that point, one officer told Plaintiff FIELDS, words to the effect of, "You better

8    stop fucking delaying our investigation." Plaintiff FIELDS responded that he was not and

9    that he just wanted to know what was going on. One officer asked Plaintiff FIELDS if he

10   had identification to which he answered "yes". They asked if he was on probation or

11   parole to which he answered "no". Then another officer stated words to the effect of,

12   "You are delaying our fucking investigation and we will arrest you right now for that."

13

14   30.     Plaintiff FIELDS gave them his identification which they took and radioed in on a

15   walkie-talkie. While they were doing this, Plaintiff FIELDS informed them that he was

16   going to call his lawyer to let him know what was happening. He showed the police his

17   cell phone as he was saying this. Plaintiff FIELDS had been previously arrested and

18   charged with possessing drugs for sale in Ventura County Superior Court, Case No.

19   2010016379, and his case was pending for trial at this time. There was no consent to

20   search condition imposed as a condition of his release from bail.

21

22   31.     During this conversation, Plaintiff FIELDS was helpful, and he never tried to shut

23   the door on them or indicated that he was going to. Regardless, one officer had his foot

24   wedged in the doorway. The door opens inward into the residence. The officer had his

25

26

27   foot firmly planted inside the threshold to the residence preventing Plaintiff FIELDS from

28

9

shutting the door throughout the initial encounter.

32.     Simultaneously, while one officer was radioing in Plaintiff FIELDS' name and Plaintiff FIELDS was dialing his lawyer's number on his cell phone, another officer who Plaintiff FIELDS is informed and believes is named Craig Kelly said, words to the effect of, "What was his name again?  I know him from previous arrests!"

33.     At that point, Defendants KELLY, KLINE and the other officers rushed Plaintiff FIELDS while he was standing directly inside the doorway of the ALVARADO residence.  The officers broke the glass bottom of the front door while doing this.  The front door struck Plaintiff FIELDS in his chest and shoulder and sent him back, making him off balance.

34.     The first officer inside immediately hit Plaintiff FIELDS with his fist (right fist on left side of face).  Plaintiff FIELDS fell back straight down onto the ground.  The officers had a K9 dog that came into the residence with them.

35.     Plaintiff FIELDS thinks he may have lost consciousness for a moment when he hit the ground which is a hard, linoleum floor.  Immediately, four of the officers got on top of Plaintiff FIELDS and pummeled him.  Plaintiff FIELDS was hit by a baton twice on the side of head.  One of the officers punched Plaintiff FIELDS in his face 6-7 times in a row.

36.     During the entire duration of the attack on Plaintiff FIELDS by the officers, Plaintiff FIELDS did not strike out, rather, he attempted to protect himself by covering his head with his hands.  He also yelled, words to the effect of, "What are you guys doing - I didn't do anything!"

10

37.    While he was on his back on the ground, the officers tased Plaintiff FIELDS with darts approximately 6-7 times.  The K9 dog bit Plaintiff FIELDS on his right front calf also while he was on the ground.

38.    While this was occurring, Plaintiff FIELDS heard one of the police officers say, words to the effect of, "Shoot him, shoot him, shoot this motherfucker!"  When Plaintiff FIELDS heard this, he flipped over onto his stomach to protect himself.  When he was on his stomach, the officers continued to punch and kick him.

39.    The officers also tased him 7-10 times in the back with darts.  This caused Plaintiff FIELDS to urinate on himself.

40.    While Plaintiff FIELDS was being beaten on the ground, he continually called for help.  The officers told him to quit resisting, but he was not resisting.  He told the officers that he was not resisting but they continued to beat him nonetheless.

41.    The officers handcuffed Plaintiff FIELDS while he was laying prone on the floor and searched him.  After Plaintiff FIELDS was handcuffed, while still laying on the floor on his stomach, one officer kicked him in his left side told him to shut up.  Then, they lifted him up.

42.    Plaintiff FIELDS recalls that he was stumbling, but Plaintiff FIELDS is unsure if he stumbled because of the tasing or if they put cuffs on his ankles as well.  The officers dragged Plaintiff FIELDS to a police vehicle which was parked in the street directly outside the ALVARADO residence.  There were many more officers on the scene by the time Plaintiff FIELDS was taken to the hospital.

43.    When Plaintiff FIELDS was in the police car, one officer asked whether the officers had searched him inside the residence, to which another officer stated "yes" and the second officer ordered that he be searched a second time. Plaintiff FIELDS was then snatched out of police car and thrown on the ground on the asphalt. One officer placed his knee on Plaintiff FIELDS' neck while he was on the ground, and they searched him again. Plaintiff FIELDS suffered a cut on his forehead from hitting the asphalt.

44.    While outside, Plaintiff FIELDS continued to call for help. The officers told him to shut up. Both searches turned up nothing. Plaintiff FIELDS heard one of the officers say "book him" and so Plaintiff FIELDS requested that he go to the hospital to get treated.

45.    Plaintiff FIELDS was placed again in the police car. VPD Officer Henderson drove Plaintiff FIELDS to the Ventura County Medical Center Emergency Room for treatment.

46.    While Plaintiff FIELDS was in the ER being treated, VPD Officer Jackson came into Plaintiff FIELDS' area and said to Plaintiff FIELDS, words to the effect of, "you piece of shit - how dare you?  You're just a nasty person.  How could you do that to somebody." Plaintiff FIELDS responded that he did not know what the Officer Jackson was talking about. Officer Jackson told Plaintiff FIELDS that he had broken one of the officer's hands. Plaintiff FIELDS denies breaking an officer's hand or otherwise harming any of the officers who attacked him. Plaintiff FIELDS stated to Officer Jackson that the only way an officer could have broken his hand during the altercation was when he was

12

beating Plaintiff FIELDS' face.  Officer Jackson stated words to the effect of "yeah, whatever" and walked out.  Plaintiff FIELDS suffered a broken nose, among other injuries, as a result of the beating.

47.     Another detective came in and took many pictures of Plaintiff FIELDS' injuries. A short time later, the doctor came in and told the detective that Plaintiff FIELDS needed a CAT scan before the detective interviewed him.  The detective refused to wait and spent at least five minutes questioning Plaintiff FIELDS before calling the doctor back in, thereby intentionally delaying important diagnostic procedures in a potentially life threatening situation.

48.     Plaintiff FIELDS observed that one officer actually informed a nurse at the ER that the bite Plaintiff FIELDS suffered from the K9 dog was not a dog bite and to just wipe it and it would be fine.  The nurse thankfully insisted that it was a dog bite and said that the wound needed stitches and Plaintiff FIELDS needed a tetanus shot.  Plaintiff FIELDS' injuries also included, but were not limited to, a nasal fracture, taser wounds, lacerations, abrasions, nerve damage and pain in his torso, as well as suffering from a limp.

49.     Plaintiff FIELDS was read his Miranda rights at the hospital.  Plaintiff FIELDS was treated at the ER until early in the morning of Monday, December 26, 2011.  Then he was taken to the county jail at approximately 5:00 a.m. and booked.  Officer Henderson informed the deputies at the jail that Plaintiff FIELDS was acting peacefully and did not show any aggression whatsoever.

50.     Plaintiff FIELDS was placed in Administrative Segregation and denied bail.  The

bail was set at $230,000. He was told he would have to wait until he went to court to post bail. The bail bondsmen were not allowed to see Plaintiff FIELDS. The bondsman was told that the only person who could see him was an attorney.

51.     On Tuesday night, December 27, 2011, at 11:57 p.m., jail personnel took his fingerprints again. Plaintiff FIELDS went to court at 1:30 p.m. on Wednesday, December 28, 2011. The district attorney rejected the case and declined to press charges. Plaintiff FIELDS was then then released at around 9 p.m. on December 28, 2011. The basis for his release was insufficient grounds for making a criminal complaint against him.

52.     Shortly before Plaintiff FIELDS' release, two sergeants and three deputies came into his cell and reshackled Plaintiff FIELDS. They brought him into a conference room located at the jail in release area. The Ventura Police Department Assistant Chief, Quinn Fenwick, and City of Ventura Risk Management Representative, Ellis Green, were in the conference room waiting for Plaintiff FIELDS. The sergeants and deputies placed Plaintiff FIELDS in the room with Mr. Fenwick and Mr. Green then left and shut the door.

53.     Mr. Fenwick and Mr. Green introduced themselves. They began by saying words to the effect of, "Sorry this happened. We wish things could have turned out a little differently, but we can't change the hands of time. What's done is done. We're just here trying to make things better." Mr. Fenwick stated words to the effect of, "I don't know what's going on, but I heard you have a case pending with our department. What I would like to do right now is clear what happened on Christmas. Even though one of our

14

officers got hurt, we are willing to forget about this. We won't file against you if you don't file against us but basically as of right now I'd like to know what we can do to make your Christmas better."

54.     Mr. Green stated words to the effect of "Not to downplay your injuries. I'd like to make your Christmas better too." Mr. Green asked Plaintiff FIELDS, "How much do you get paid?" Plaintiff FIELDS told them he made $250-300 a day as a deck hand on the fishing boat.

55.     Mr. Green then offered Plaintiff FIELDS $500 per day for Plaintiff FIELDS' incarceration time plus one extra day, plus any presents that his children wanted, and in addition, a lump sum of $5,000. Mr. Green told Plaintiff FIELDS words to the effect of "You can call me, I can start your money tomorrow." Mr. Green gave Plaintiff FIELDS his card at this time.

56.     Mr. Fenwick then asked Plaintiff FIELDS how he was going to get home. Mr. Fenwick offered to give Plaintiff FIELDS a drive to the ALVARADO residence which Plaintiff FIELDS accepted. Mr. Fenwick gave Plaintiff FIELDS his cell phone to use to call Alethia ALVARADO to let her know she did not have to pick him up at the jail. All three went in Mr. Green's white Ford Escape together.

57.     Plaintiff FIELDS sat in the front seat. During the ride, Mr. Fenwick stated words to the effect of, "Let this go because if you get a lawyer, your lawyer is going to pay his investigators $10,000 to do this and that and then you'll walk away with less. Better to take what we offer you." Plaintiff FIELDS declined and stated that the officers should be

1   held accountable for what they did to Plaintiff FIELDS.

2   58.    When they arrived at Plaintiff ALVARADO's residence, Plaintiff ALVARADO

3   came out of her residence.  In front of Plaintiff ALVARADO, Mr. Fenwick and Mr.

4

5   Green stated to Plaintiff FIELDS words to the effect of, "Think about what we told you.

6   We're just trying to make things right."

7

8                                    **Plaintiff Alethia Avarado**

9   59.    On Christmas day, December 25, 2011, at approximately 11:45 p.m., Plaintiff

10   ALVARADO returned home with her two children to her rented residence.  As she got

11
     out of her car, she was immediately approached by her next door neighbor, Christine
12

13   Garza, who asked if Plaintiff ALVARADO's children could come to her house for a bit.

14   Plaintiff ALVARADO was following her neighbor to her side of the duplex when she

15
     observed that her front door panes had been broken and that her home was in disarray.
16

17   60.    Ms. Garza explained to Plaintiff ALVARADO that earlier in the evening she had

18   heard yelling and banging around.  She saw an ambulance and police officers outside of

19
     Plaintiff ALVARADO's house.  Ms. Garza told Plaintiff ALVARADO that she observed
20

21   that the police had taken Plaintiff FIELDS out of her home and away in a police car.

22   61.    One neighbor informed Plaintiff ALVARADO that she observed that the police

23   were inside Plaintiff ALVARADO's home from approximately 9:30 p.m. until 11:00 p.m.

24

25   62.    The front door to Plaintiff ALVARADO's home was closed and locked.  Two of

26   Plaintiff ALVARADO's glass door panes had been kicked out.  No one was inside.  She

27   found a note left on the door by a VPD Corporal, Casey Sutherland,  merely stating that

28

                                               16

she needed to call the VPD watch commander about her door.

63.     When Plaintiff ALVARADO went into her home she observed the following: There were papers and dirt from a poinsettia plant all over the floor; her glass table had been thrown 20 feet away from where it had been and was on its side; a vase filled with roses in it was on the floor broken; there was blood splattered on the walls, on her massage therapy shelf, on her massage sheets, on her calendar, and her steam cleaner box had blood running down the side of it; her massage chair which was in its case had been thrown over by the Christmas tree, 15 feet away from where it had originally been; and her massage table which was also in its case had been thrown on the ground.

64.     Plaintiff ALVARADO also noticed blood smears and drops on her carpet and on her tree skirt, 20 feet away from where she believes the altercation occurred. Plaintiff ALVARADO saw blood smeared all the way down her hallway and also on her daughter's door jam.

65.     In her daughter's bedroom, she observed that there were clothes and pillows thrown off the beds onto the floor.  The light had been left on in the bathroom.  Plaintiff ALVARADO saw that the doors of her outside shed were open when usually they are not. Plaintiff ALVARADO saw that her children's closet drawers were open when usually they are not.

66.     In Plaintiff ALVARADO's bedroom, she observed that her chair that had clothes on it had been knocked over and there were pieces of a wire rack that had been knocked over.  She saw that the pillows on her bench had been thrown off and were on the floor.

She observed that her bed sheets had been pulled up as if someone had checked under

mattress.

67.    In Plaintiff ALVARADO's kitchen, she observed that there was blood on a kitchen

towel. She saw that the light had been turned on in her garage and that there was blood

by the light switch. It was clear from Plaintiff ALVARADO's observations that the VPD

officers who entered her house had thoroughly searched it.

68.    Plaintiff ALVARADO went to the Ventura County Medical Center Emergency

Room at approximately 1:00 a.m. When she walked out of her home, she was approached

by two VPD officers in her driveway. These officers verified Plaintiff ALVARADO's

identity and asked her for phone number. They asked her if she knew what was going on.

She answered that she did not.

69.    The officers informed her that earlier during the evening of December 25, 2011,

that they had been searching for a stolen iPad which was "GPSed" to "this geographical

location." They stated that they were in the process of doing a canvassing of her

neighborhood to find the iPad when the altercation with Plaintiff FIELDS had occurred.

They asked her if she knew about an iPad. She said "no".

70.    These officers then asked her if they could search her home. She said, words to

the effect of, " No. It is clear you have already searched my residence." One of the

officers said that they had not searched it, but rather, they had just secured it. Plaintiff

ALVARADO informed them that it looked otherwise because of the fact that everything

had been moved around in her home. The officers did not respond to this but said it

would really help their investigation if they could come inside and search. She told them "no" again.

71.    She told them she was leaving to go to the Emergency Room to see Plaintiff FIELDS. The officers then told her that one of their officers had been badly injured by Plaintiff FIELDS. They told her that she would not be able to see him, that she seemed upset and that she shouldn't drive, obviously trying to dissuade her from going to the hospital. One officer handed her a business card at that time.

72.    At the hospital, a VPD Sergeant told Plaintiff ALVARADO that there had been a pinging that could be pinpointed to location around where her residence is located and that they went to search for the stolen object when the altercation with Plaintiff FIELDS had occurred. The Sergeant told Plaintiff ALVARADO that one officer was badly injured and currently in surgery because Plaintiff FIELDS had bitten him.

73.    The Sergeant told Plaintiff ALVARADO that Plaintiff FIELDS had been arrested for mayhem for trying to remove a body part and resisting an officer. She asked him, "resisting for what?" and, "What were you doing at my house?" The Sergeant would not answer these questions and said that a report would eventually be filed but that it would be awhile before it would be filed. She replied that "all of this doesn't make sense" and added that the officers had no reason to be at her home. Plaintiff ALVARADO then asked Sergeant if he knew who Plaintiff FIELDS was. The Sergeant answered "no."

74.    Plaintiff ALVARADO told the Sergeant that she thought the officers were following him because of a prior search of Field's residence which had produced nothing.

1   The Sergeant said, "that is your opinion."

2   75.   On Wednesday, December 28, 2011, Plaintiff FIELDS called Plaintiff

3   ALVARADO from VPD Assistant Chief Quinn Fenwick's cell phone.  He told Plaintiff

4   
5   ALVARADO that Mr. Fenwick would be driving him to Plaintiff ALVARADO's house

6   from the jail and that he and City of Ventura Risk Management Representative, Ellis

7   Green, wanted to talk to Plaintiff ALVARADO.  When they arrived Plaintiff

8   ALVARADO overheard them tell Plaintiff FIELDS to "think about what we told you."

9   
10   Mr. Fenwick stated to Plaintiff ALVARADO, "We're just trying to make things right"

11   and asked her how she was doing.

12   76.   On Thursday, December 29, 2011, VPD Assistant Chief Quinn Fenwick showed

13   
14   up at Plaintiff ALVARADO's door at around 10:30 a.m.  Mr. Fenwick asked Plaintiff

15   ALVARADO whether Plaintiff FIELDS was there.  Mr. Fenwick stated words to the

16   
17   effect of, "I'm not here to start any trouble.  I'm just here because we told Denny last

18   night that we would follow up with him today and talk to him."

19   77.   Mr. Fenwick asked Plaintiff ALVARADO whether she had gotten the note about

20   her door and stated, "Whatever it costs, we'll pay for it."  Mr. Fenwick also told Plaintiff

21   ALVARADO that if there were any problems to direct them to him and that he would

22   
23   take care of it.  Mr. Fenwick told Plaintiff ALVARADO that although he was going to a

24   funeral that day, that he would take any calls from Plaintiff FIELDS.

25   ///

26   
27   ///

28

20

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983

(4th and 14th Amendments - Excessive Use of Force)

Plaintiff FIELDS Against Defendants KELLY, KLINE and OFFICER DOES

78.    Plaintiffs incorporate by reference and reallege each and every allegation

contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

79.    This action arises under 42 U.S.C. §§ 1983 and 1988, the United States

Constitution, and common law principles.  By engaging in the conduct described

hereinabove, Defendants KELLY, KLINE and OFFICER DOES, were acting or

pretending to act, under the color of state law as police officers employed by Defendant

VPD, and violated Plaintiff FIELDS' civil rights afforded to him under the United States

Constitution, including privileges and immunities secured to Plaintiff FIELDS by the

Constitution of the United States, namely, Plaintiff FIELDS' right to be free from

excessive and unreasonable force in violation of his rights protected under the Fourth

Amendment.

80.    As a direct and proximate result of Defendants' wrongful conduct described

hereinabove, Plaintiff FIELDS suffered physical and emotional injuries, including but not

limited to, a dog bite which required stitches and a tetanus shot, a nasal fracture, taser

wounds, lacerations, abrasions, nerve damage and pain in his torso, as well as suffering

from a limp.  He also suffered financial injuries.

81.    Plaintiff FIELDS has suffered special and general damages as allowable under

1   federal law in an amount to be proven at trial. These injuries and damages are ongoing.

2   82.   Plaintiff is informed, believes, and based thereon alleges that in engaging in the

3

4   conduct alleged herein, Defendants KELLY, KLINE and OFFICER DOES acted with the

5   intent to injure, vex, annoy and harass Plaintiff FIELDS, and subjected Plaintiff FIELDS

6   to cruel and unjust hardship in conscious disregard of Plaintiff FIELDS' rights with the

7

8   intention of causing Plaintiff FIELDS injury and depriving him of his constitutional

9   rights.

10  83.   As a result of the foregoing, Plaintiff FIELDS seeks exemplary and punitive

11

12  damages against Defendants KELLY, KLINE and OFFICER DOES.

13  84.   Further, as a result of the foregoing, Plaintiff FIELDS seeks an award of

14  reasonable attorneys' fees and costs according to proof, pursuant to 42 U.S.C. §1988.

15

16                          SECOND CLAIM FOR RELIEF

17                              42 U.S.C. § 1983

18              (4th and 14th Amendment Unreasonable Search and Seizure/

19                           False Arrest and Detention)

20

21  Plaintiff FIELDS Against Defendants KELLY, KLINE and OFFICER DOES 85.

22          Plaintiffs incorporate by reference and reallege each and every allegation

23  contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

24

25  86.   Plaintiff brings this cause of action under 42 U.S.C. § 1983, as against Defendants

26  KELLY, KLINE and OFFICER DOES.

27  87.   This action arises under 42 U.S.C. §§ 1983 and 1988, the United States

28

                                        22

Constitution and common law principles.  By engaging in the conduct described hereinabove, Defendants KELLY, KLINE and OFFICER DOES were acting or pretending to act, under the color of state law as police officers employed by Defendant VPD, and violated Plaintiff FIELDS' civil rights afforded to him under the United States Constitution, including privileges and immunities secured to Plaintiff FIELDS by the Constitution of the United States, namely, Plaintiff FIELDS' right: (1) to be free from unreasonable search and seizure and false arrest and detention in violation of his rights protected under the Fourth and Fourteenth Amendments; (2) his right to be free from abuse of process as protected by the Fourth Amendment, (3) his right to be free from malicious prosecution as protected by the Fourth Amendment, and (4) his right to be free from a conspiracy to falsify evidence of the crimes of resisting arrest and battery on a police officer and thereafter prosecute Plaintiff in violation of his rights protected under the Fourth and Fourteenth Amendments.

88.    As a direct and proximate result of Defendants and Does' wrongful conduct described hereinabove, Plaintiff FIELDS suffered physical, emotional and financial injuries.

89.    Plaintiff FIELDS has suffered special and general damages as allowable under federal law in an amount to be proven at trial. These injuries and damages are ongoing.

90.    Plaintiff is informed, believes and based thereon alleges that, in engaging in the conduct alleged herein, Defendants KELLY, KLINE and OFFICER DOES acted with the intent to injure, vex, annoy and harass Plaintiff FIELDS, and subjected Plaintiff FIELDS

to cruel and unjust hardship in conscious disregard of Plaintiff FIELDS' rights with the intention on the part of the Defendants and Does of thereby depriving Plaintiff FIELDS of his liberty and legal rights and otherwise cause Plaintiff FIELDS' injury.

91.    As a result of the foregoing, Plaintiff FIELDS seeks exemplary and punitive damages against Defendants KELLY, KLINE and OFFICER DOES.

92.    Further, as a result of the foregoing, Plaintiff FIELDS seeks an award of reasonable attorneys' fees and costs according to proof, pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF

*Monell* Related Claims on 42 U.S.C. § 1983 Claims

Plaintiff FIELDS Against Defendants CITY, VPD, CHIEF CORNEY and DOES.

93.    Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

94.    Plaintiff FIELDS brings this cause of action under 42 U.S.C. § 1983, as against municipal Defendants CITY, VPD, CHIEF CORNEY and DOES.

95.    Defendants KELLY, KLINE and OFFICER DOES' violations of Plaintiff FIELDS' Fourth and Fourteenth Amendment rights to be free from excessive use of force and unlawful seizure and deprivation of liberty, as set forth herein, were the direct and proximate results of the Defendants CITY, VPD, CHIEF CORNEY and DOES' maintaining longstanding customs, policies, practices and/or procedures which tolerate and condone Defendants KELLY, KLINE and OFFICER DOES' violations, set forth hereinabove and below.

24

96.    These longstanding customs, policies, practices and/or procedures, include, but are not limited to, Defendants' standard operating procedures as well as accepted practices.

97.    Said customs, policies, practices and/or procedures include, *inter alia*: an ongoing pattern of condoning and having a deliberate indifference towards citizens' constitutional rights in connection with the following acts committed by VPD officers: (1) the use of excessive force or violence, including but not limited to the use of tactics and weapons, including tasers, in a reckless and unreasonable manner; (2) unconstitutional seizures and deprivations of liberty; (3) the conforming of false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline; (4) the performance of sham or deficient investigations of allegations of deputy misconduct designed to allow officers' misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the involved officers; (5) the planting of evidence or withholding evidence to favor the involved officers' version of a disputed and complained of incident of police misconduct; (6) the ratification of misconduct to avoid referral for criminal prosecution, and (7) the public denial or minimization of rampant problems of dishonesty and brutality within the VPD.

98.    Plaintiff is informed, believes and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES knew, or in the exercise of reasonable care should have known prior to December 25, 2011, that VPD officers, including Defendants KELLY, KLINE, and OFFICER DOES, were engaging in the conduct described hereinabove.

99.    Plaintiff is informed, believes and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES knew, or in the exercise of reasonable care should have known prior to December 25, 2011, that VPD officers, including Defendants DEFENDANTS KELLY, KLINE, and OFFICER DOES, had a history, propensity, pattern and practice of adhering to the unlawful and unconstitutional police actions described herein and above.

100.    Plaintiff is informed, believes and based thereon alleges that Defendants KELLY, KLINE, and OFFICER DOES were the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had also been defendants in federal and state courts wherein other plaintiffs alleged violations of constitutional rights by Defendants in the course and scope of their employment as VPD officers and under color of law.  Specifically, in December 2005, Defendant KELLY was named as a defendant in the matter of *Brandon v. City of Ventura, et al.*, filed in the Superior Court of California, Ventura County, Case No. CIV 236657, which alleged excessive use of force by Defendant KELLY while he was acting as a VPD officer.  Similarly, in January 2012, Defendant KLINE was named as a defendant in the matter of *Gonzalez v. City of Ventura, et al.*, filed in the United States District Court, Central District of California, Case No. CV11-03916 GAF (MRWx)  which alleged excessive use of force by Defendant KLINE while he was acting as a VPD officer.

101.    Notwithstanding this information and the history of VPD officers including Defendants KELLY, KLINE, and OFFICER DOES, Plaintiff is informed, believes and

26

1   based thereon alleges that Defendants CITY, VPD, CORNEY, and DOES failed to

2   properly screen applicants and hired persons who were psychologically unfit for duty,

3
4   used unreasonable police tactics which lead to the constitutional violations of Plaintiff

5   FIELDS' constitutional rights as alleged herein and above.

6   102.   Plaintiff is informed, believes and based thereon alleges that Defendants CITY,

7
8   VPD, CORNEY and DOES generally failed to train and supervise VPD officers,

9   including Defendants KELLY, KLINE, and OFFICER DOES, in order to halt and

10  prevent the type of conduct which resulted in violating Plaintiff FIELDS' constitutional

11
12  rights.

13  103.   Plaintiff is informed, believes and based thereon alleges that Defendants CITY,

14  VPD, CORNEY and DOES have customs, policies or practices which reject and ignore

15
16  misconduct of VPD officers and fail to impose discipline.  As a result, the custom,

17  practice or policy results in the retention of officers such as Defendants

18  KELLY, KLINE, and OFFICER DOES who have a propensity to cause constitutional

19
20  violations such as use of excessive force, unreasonable seizure, liberty deprivations and

21  falsification of evidence.  This failure to discipline condones, ratifies, promotes and

22  perpetuates VPD officers' misconduct and their "code of silence" and was a moving force

23  behind the violations of Plaintiff FIELDS' constitutional rights.  The above-referenced

24
25  civil lawsuits against Defendants KELLY and KLINE demonstrate Defendants CITY,

26  VPD, CORNEY and DOES' failure to train and discipline their officers.

27  104.   The policy maker and supervisor for the VPD officers at the time of the incident

28

27

was Defendant CORNEY. As such, he had the duty to hire, train, supervise and discipline VPD officers who cause constitutional violations. Defendant CORNEY created an unreasonable risk of harm to Plaintiff FIELDS by failing to adequately hire, train, supervise and discipline VPD officers, in particular, Defendants KELLY, KLINE, and OFFICER DOES. CORNEY had an additional duty to make and maintain customs, policies, practices and/or procedures which address and cure the problems of use of excessive force and causing unreasonable seizures and liberty deprivations committed by VPD officers. Rather than creating or maintaining such customs, policies, practices and/or procedures, Defendant CORNEY created an unreasonable risk of harm to Plaintiff FIELDS by condoning and having a deliberate indifference towards citizens' constitutional rights in connection with excessive use of force, unreasonable seizure and the deprivation of liberty by VPD officers, in particular, Defendants KELLY, KLINE, and OFFICER DOES.

105.   Plaintiff is informed, believes and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of Plaintiff FIELDS' constitutional rights.

106.   As a result of the foregoing, Plaintiff FIELDS was subjected to physical, emotional and financial injuries that were a direct and proximate result of Defendants' failure to maintain customs, policies, practices or procedures designed to protect the constitutional rights of the public.

107.   The above described customs, policies, practices and/or procedures demonstrates a deliberate indifference on the part of the policy makers of CITY to the constitutional rights of persons within CITY and were a moving force behind the violations of Plaintiff FIELDS' rights alleged herein.

108.   Defendants CITY, VPD and CORNEY expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions of Defendants KELLY, KLINE, and OFFICER DOES alleged herein, and knew that such conduct was unjustified and would result in violations of Plaintiff FIELDS' constitutional rights.

<u>FOURTH CLAIM FOR RELIEF</u>

Assault

<u>Plaintiff FIELDS Against All Defendants and DOES</u>

109.   Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

110.   Plaintiff FIELDS brings this cause of action as against all Defendants and DOES.

111..   The conduct of Defendants KELLY, KLINE, and OFFICER DOES caused Plaintiff FIELDS to reasonably believe that he was about to be touched in a harmful and/or offensive manner.

112.   Plaintiff FIELDS did not consent to the conduct of any Defendant.

113.   Plaintiff FIELDS was harmed by the conduct of Defendants KELLY, KLINE, and OFFICER DOES.

114.   Plaintiff is informed, believes, and based thereon alleges that in engaging in the

29

1   conduct alleged herein, Defendants KELLY, KLINE and OFFICER DOES acted with the

2   intent to injure, vex, annoy and harass Plaintiff FIELDS, and subjected Plaintiff FIELDS

3

4   to cruel and unjust hardship in conscious disregard of Plaintiff FIELDS' rights with the

5   intention of causing Plaintiff FIELDS injury and depriving him of his constitutional

6   rights.

7

8   115.   As a result of the foregoing, Plaintiff FIELDS seeks exemplary and punitive

9   damages against Defendants KELLY, KLINE and OFFICER DOES.

10  116.   Defendants CITY, VPD and CORNEY and DOES are liable under Cal.

11  Government Code § 815.2(a) and the doctrine of *respondeat superior* for the wrongful

12

13  actions of their employees and agents, including but not limited to Defendants KELLY,

14  KLINE, and OFFICER DOES.

15                          FIFTH CLAIM FOR RELIEF

16                                  Battery

17              Plaintiff FIELDS Against All Defendants and DOES

18

19  117.   Plaintiffs incorporate by reference and reallege each and every allegation

20

21  contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim.*

22  118.   Plaintiff FIELDS brings this cause of action as against all Defendants and DOES

23

24  and their routine failure to secure search warrants before entering homes without consent

25  and without exigent circumstances justifying entry.

26  119.   Defendants KELLY, KLINE, and OFFICER DOES intentionally performed acts

27  that resulted in harmful and/or offensive contacts with Plaintiff FIELDS' person.

28

                                    30

120.   Defendants KELLY, KLINE, and OFFICER DOES harmful and/or offensive contact caused injury, damage, loss and harm to Plaintiff FIELDS.

121.   Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendants KELLY, KLINE and OFFICER DOES acted with the intent to injure, vex, annoy and harass Plaintiff FIELDS, and subjected Plaintiff FIELDS to cruel and unjust hardship in conscious disregard of Plaintiff FIELDS' rights with the intention of causing Plaintiff FIELDS injury and depriving him of his constitutional rights.

122.   As a result of the foregoing, Plaintiff FIELDS seeks exemplary and punitive damages against Defendants KELLY, KLINE and OFFICER DOES.

123.   Defendant CITY, VPD and CORNEY and DOES are liable under Cal. Government Code § 815.2(a) and the doctrine of *respondeat superior* for the wrongful actions of their employees and agents, including but not limited to Defendants KELLY, KLINE, and OFFICER DOES.

///

///

///

///

///

///

///

## SIXTH CLAIM FOR RELIEF

### California Civil Code § 52.1

### Interference with Exercise of Civil Rights by Excessive Force and Unreasonable Arrest and Detention

### Plaintiff FIELDS Against All Defendants and DOES

124.    Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

125.    Plaintiff FIELDS brings this cause of action as against all Defendants and DOES.

126.    As alleged above, the conduct of the Defendants violated Plaintiff FIELDS' right to be secure in his person and effects, against unreasonable searches and seizures, and to due process of law, as guaranteed by the Constitution and laws of the State of California, including Article I, § 1, 13 of the California Constitution, and the Fourth and Fourteenth Amendments of the United States Constitution.

127.    Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendants KELLY, KLINE and OFFICER DOES acted with the intent to injure, vex, annoy and harass Plaintiff FIELDS, and subjected Plaintiff FIELDS to cruel and unjust hardship in conscious disregard of Plaintiff FIELDS' rights with the intention of causing Plaintiff FIELDS injury and depriving him of his constitutional rights.

128.    As a result of the foregoing, Plaintiff FIELDS seeks exemplary and punitive damages against Defendants KELLY, KLINE and OFFICER DOES.

129.   As a direct and proximate cause of the aforementioned actions of Defendants and DOES, Plaintiff FIELDS was injured as set forth above, thereby entitling Plaintiff to damages against Defendants under Cal. Civil Code § 52.1, including but not limited to actual damages, exemplary damages, civil penalties, and attorney's fees.

**SEVENTH CLAIM FOR RELIEF**

**Negligent Infliction of Emotional Distress**

**Plaintiff FIELDS Against All Defendants and DOES**

130.   Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

131.   Plaintiff FIELDS brings this cause of action as against all Defendants and DOES.

132.   Plaintiffs are informed, believe and based thereon allege that each Defendant officer was negligent in striking, using force upon, harming and injuring Plaintiff FIELDS and in doing or failing to do the other wrongful acts herein and above alleged.

133.   Plaintiffs are informed, believe and based thereon allege that each Defendant Deputy negligently inflicted emotional distress on Plaintiff FIELDS by, *inter alia*, using excessive force on Plaintiff FIELDS.

134.   As a direct and proximate result of the aforementioned concurrent and simultaneous negligent conduct of the Defendants KELLY, KLINE and OFFICER DOES, and each of them, Plaintiff FIELDS suffered serious emotional distress and the exacerbation of emotional distress.

135.    The negligence of Defendants KELLY, KLINE and OFFICER DOES, and each of them, was a substantial factor in causing or exacerbating Plaintiff FIELDS' serious emotional distress, causing Plaintiff FIELDS to incur special and general damages in an amount to be proved at the time of trial.

136.    Defendants CITY, VPD, CORNEY and DOES, inclusive, and each of them, which employed the defendant officers, is vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of Defendants KELLY, KLINE and OFFICER DOES, and said entity defendants are jointly and severally liable for Plaintiff FIELDS' special and general damages.

### EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### Plaintiff FIELDS Against All Defendants and DOES

137.    Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim.*

138.    Plaintiff FIELDS brings this cause of action as against all Defendants and DOES.

139.    The conduct of the Defendants KELLY, KLINE and OFFICER DOES, and each of them, alleged herein and above, *inter alia*, in beating on and tasing and otherwise causing Plaintiff FIELDS significant physical injury, who was not threatening any of the officers in any way, was outrageous conduct that exceeded reason and the bounds of conduct usually tolerated by this society.

140.    Defendants KELLY, KLINE and OFFICER DOES, and each of them, in engaging

34

in the aforementioned conduct, intended to cause Plaintiff FIELDS emotional distress and/or acted with reckless disregard of the probability that Plaintiff FIELDS would suffer emotional distress or an exacerbation of emotional distress, knowing that Plaintiff FIELDS was present when the conduct occurred.

141.   The conduct of Defendants KELLY, KLINE and OFFICER DOES, and each of them, was the direct and proximate cause of Plaintiff FIELDS' injuries, and were a substantial factor in exacerbating or causing Plaintiff FIELDS to suffer and to continue to suffer from severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.

142.   Plaintiff FIELDS has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction.

143.   Defendants CITY, VPD, CORNEY and DOES, inclusive, and each of them, which employed the defendant officers, is vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of Defendants KELLY, KLINE and OFFICER DOES, and said entity defendants are jointly and severally liable for Plaintiff FIELDS' special and general damages.

144.   The aforementioned acts of Defendants KELLY, KLINE and OFFICER DOES, and each of them, were despicable and subjected Plaintiff FIELDS to cruel and unjust hardship, and indicate Defendants' intent to cause injury to Plaintiff FIELDS, as well as their conscious disregard for the rights and safety of Plaintiff FIELDS, and tend to show

35

1    that the actions were willful, wanton, malicious, and oppressive, thereby justifying an

2    award of exemplary and punitive damages as to said individual Defendants.

3                          NINTH CLAIM FOR RELIEF

4                                42 U.S.C. § 1983

5              (4th and 14th Amendments - Warrantless Entry into Home)

6    Plaintiff ALVARADO Against Defendants KELLY, KLINE AND OFFICER DOES

7

8

9    145.   Plaintiffs incorporate by reference and reallege each and every allegation

10   contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

11

12   146.   Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as against Defendants

13   KELLY, KLINE AND OFFICER DOES.

14   147.   As alleged above, the conduct of Defendants KELLY, KLINE AND OFFICER

15   DOES, specifically including, but not limited to, Defendants KELLY, KLINE AND

16

17   OFFICER DOES' entering into Plaintiff ALVARADO's home without a warrant or other

18   reasonable cause, violated Plaintiff ALVARADO's rights to be secure in her home,

19   person and effects, against unreasonable searches and seizures, and to due process of law,

20

21   as guaranteed by the U.S. Constitution and the Fourth and Fourteenth Amendments of the

22   U.S. Constitution.

23   148.   As a direct and proximate result of Defendants KELLY, KLINE AND OFFICER

24   DOES' wrongful conduct described hereinabove, Plaintiff ALVARADO suffered

25   emotional and financial injuries, including damages to her property.

26

27   149.   Plaintiff ALVARADO has suffered special and general damages as allowable

28

under federal law in an amount to be proven at trial.

150.   Plaintiff ALVARADO is informed, believes and based thereon alleges that, in engaging in the conduct alleged herein, Defendants KELLY, KLINE AND OFFICER DOES: (a) acted with the intent to injure, vex, annoy and harass Plaintiff, and (b) subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights with the intention on the part of the Defendants of thereby depriving her of her legal rights and otherwise causing Plaintiff injury.

151.   As a result of the foregoing, Plaintiff seeks exemplary and punitive damages against Defendants KELLY, KLINE AND OFFICER DOES, as well as an award of reasonable attorney's fees and costs according to proof, pursuant to 42 U.S.C. §1988.

### TENTH CLAIM FOR RELIEF

*Monell* Related Claims on 42 U.S.C. § 1983 Claims

Plaintiff ALVARADO Against Defendants CITY, VPD, CHIEF CORNEY and DOES.

152.   Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

153.   Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as against Defendants CITY, VPD and DOES.

154.   The actions and omissions of Defendants KELLY, KLINE and OFFICER DOES alleged above were a direct and proximate cause of the constitutional injuries suffered by Plaintiff ALVARADO.

155.   Defendants KELLY, KLINE and OFFICER DOES' violations of Plaintiff's rights

to be free from warrantless entry, trespass and invasions of her privacy, as set forth herein, were the direct and proximate results of Defendants CITY, VPD and DOES' tolerating and maintaining longstanding customs, policies, practices and/or procedures, set forth herein below.

156.   These longstanding customs, policies, practices and/or procedures, include, but are not limited to, Defendants CITY, VPD and DOES' standard operating procedures.

157.   Defendants CITY, VPD and DOES' customs, policies, practices and/or procedures create and allow for, *inter alia*, an ongoing pattern by all Defendants of condoning and having a deliberate indifference towards citizens' constitutional rights, specifically in connection with Defendants KELLY, KLINE and OFFICER DOES' violations of Plaintiff ALVARADO's rights to be free from warrantless entry, trespass and invasions of her privacy.

158.   Defendants CITY, VPD and DOES' customs, policies, practices and/or procedures create and allow for, *inter alia*, a failure by Defendants CITY, VPD and DOES to adequately train, supervise, discipline, screen and hire police officers in connection with citizens' constitutional rights relating to warrantless entry and trespass, so as to cause Defendants KELLY, KLINE and OFFICER DOES' violations of those rights.

159.   The policy maker for the officers of Defendants CITY and VPD at the time of the incident was Defendant CORNEY.  As policy maker, Defendant CORNEY had the duty to make and maintain customs, policies, practices and/or procedures which address and

cure the problems of as well as provide adequate training, supervision, discipline, screening and hiring of police officers to prevent against the problems of warrantless entry and trespass.  Rather than making and maintaining these customs, policies, practices and/or procedures, Defendant CORNEY created an unreasonable risk of harm to Plaintiff ALVARADO by having a deliberate indifference toward those constitutional rights.

160.   The above described customs, policies, practices and/or procedures demonstrate a deliberate indifference on the part of the policy makers of Defendants CITY, VPD and DOES to the constitutional rights of persons within the City of Ventura and were the cause of the violations of Plaintiff ALVARADO's rights alleged herein.

161.   Defendants CITY, VPD and DOES expressly or tacitly encouraged, ratified, condoned and/or approved of the acts and/or omissions of Defendants KELLY, KLINE and OFFICER DOES alleged herein, and knew that such conduct was unjustified and would result in violations of Plaintiff ALVARADO's constitutional rights.

162.   As a direct and proximate result of Defendants CITY, VPD and DOES' wrongful conduct alleged herein and above, Plaintiff was subjected to injuries and is therefore entitled to recover damages.  Plaintiff also seeks attorneys' fees and costs against Defendants CITY, VPD and DOES.

///

///

///

///

39

## ELEVENTH CLAIM FOR RELIEF

### Trespass

### Plaintiff ALVARADO Against All Defendants and DOES

163.   Plaintiffs repeat and re-allege each and every allegation contained in 1 through 77 of this Complaint, as fully set forth herein.

164.   Plaintiff ALVARADO brings this cause of action for Trespass as against all Defendants and DOES.

165.   As set forth above, Defendants KELLY, KLINE AND OFFICER DOES wrongfully entered the Plaintiff ALVARADO's residence without a warrant, without consent, and without exigent circumstances justifying entry.  Furthermore, they smashed in the front door and caused significant damage to the interior of the residence without cause.  They also rummaged through Plaintiff ALVARADO's bedroom, her child's bedroom, and her personal belongings.

166.   As a direct and proximate result of the trespass by Defendants as described above, Plaintiff ALVARADO's home was damaged and needed significant repairs.  As a further direct and proximate result of the trespass by Defendants as described above, Plaintiff ALVARADO has experienced extreme mental anguish and physical suffering, and has been damaged in an amount to be proven at trial.

167.   Defendants CITY, VPD, CORNEY and DOES, inclusive, and each of them, which employed the defendant officers, are vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of

1    Defendants KELLY, KLINE and OFFICER DOES, and said entity defendants are jointly

2    and severally liable for Plaintiff ALVARADO's special and general damages.

3

4    168.    The conduct of Defendants KELLY, KLINE AND OFFICER DOES, as alleged

5    herein, was deliberate, malicious and despicable and reflects a conscious and/or reckless

6    disregard of the rights and interest of Plaintiff ALVARADO, thereby entitling her to

7    exemplary and punitive damages.

8

9                             TWELFTH CLAIM FOR RELIEF

10                                      Negligence

11               Plaintiff ALVARADO Against All Defendants and DOES

12

13   169.    Plaintiffs incorporate by reference and reallege each and every allegation

14   contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

15   170.    Plaintiff ALVARADO brings this cause of action as against all Defendants and

16   DOES.

17

18   171.    On or about the dates, time and places alleged herein, Defendants and DOES were

19   charged with the duty to protect and serve the citizens of Ventura, including Plaintiffs,

20   and to ensure their safety. Plaintiffs are informed and believe that Defendants and DOES

21   had received training as police officers to use good judgment and use sound and

22   reasonable police practices toward that end. Defendants also owed the public, including

23   Plaintiffs, the duty not to cause harm.

24

25   172.    Defendants, and each of them, breached these duties by entering Plaintiff

26   ALVARADO's residence without a warrant or exigent circumstances, trespassing and

27

28

                                             41

1   causing damage to Plaintiff ALVARADO's property.

2   173.   As a direct and proximate result of all Defendants' negligent acts and/or omissions,

3

4   herein above described, Plaintiff ALVARADO suffered mental anguish, distress, and

5   property damage.

6   174.   Defendants CITY, VPD, CORNEY AND DOES are negligent and breached their

7

8   duties of care by, *inter alia*, failing to discharge mandatory duties imposed by an

9   enactment designed to protect against the risk of a particular kind of injury in violation of

10   California Government Code § 815.6.

11

12   175.   Defendants CITY, VPD, CORNEY AND DOES are further liable under Cal.

13   Government Code § 815.2(a) and the doctrine of *respondeat superior* for the wrongful

14   actions of their employees and agents, including but not limited to Defendants KELLY,

15

16   KLINE and OFFICER DOES.

17   <u>THIRTEENTH CLAIM FOR RELIEF</u>

18   Invasion of Privacy (California Constitution, Art. I, Section 1)

19

20   **Plaintiff ALVARADO Against All Defendants and DOES**

21   176.   Plaintiffs incorporate by reference and reallege each and every allegation

22   contained in paragraphs 1 through 77 of this Complaint, as fully set forth herein *verbatim*.

23   177.   Article I section 1 of the California Constitution guarantees an inalienable right of

24

25   privacy.  Civil liability under the California Constitution for a violation of the right of

26   privacy is authorized by *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal. 4th 1.

27   178.   PLAINTIFF ALVARADO had a legally protected privacy interest and reasonable

28

expectation of privacy in her home, papers, and personal effects.

179.   Defendants violated PLAINTIFF ALVARADO's privacy interest in her home, papers, and personal effects, by, among other things, conducting an unlawful search thereof on December 25, 2011, in her absence, without consent, without a search warrant and without advance notice.

180.   Defendants' violations of PLAINTIFF ALVARADO's privacy including, without limitation, the search conducted on December 25, 2011 caused damage to PLAINTIFF ALVARADO's privacy interests, and other consequential, incidental and general damage according to proof.

181.   The violation of PLAINTIFF ALVARADO's right of privacy alleged herein was malicious, oppressive, and fraudulent and therefore warrants an award of exemplary damages against the individual .

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants and DOES, and each of them, on each and every cause of action as follows:

1.   For declaratory and injunctive relief preventing similar future harm;

2.   For general damages according to proof at trial;

3.   For special damages according to proof at trial;

4.   For an award of punitive damages against Defendants KELLY, KLINE and OFFICER DOES;

5.   For attorney's fees and costs under 42 U.S.C. § 1988, C.C.P. § 1021.5, or under

any other applicable statutes or law;

6.    For an award of Plaintiffs' costs of suit incurred herein;

7.    For an award of any applicable statutory penalties;

8.    For an award of any applicable interest amounts; and

9.    For any other relief the Court deems appropriate.

Dated: July 27, 2012

                        LAW OFFICES OF BRIAN A. VOGEL, PC


                        By: _____
                              BRIAN A. VOGEL
                              Attorney for Plaintiff DENNY D. FIELDS and
                              Plaintiff ALETHIA M. ALVARADO



## DEMAND FOR JURY TRIAL


        Plaintiff hereby demands a jury trial.



Dated: July 27, 2012

                        LAW OFFICES OF BRIAN A. VOGEL, PC


                        By: _____
                              BRIAN A. VOGEL
                              Attorney for Plaintiff DENNY D. FIELDS and
                              Plaintiff ALETHIA M. ALVARADO

44

BRIAN A. VOGEL (SBN 167413)
EMAIL: brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Fax: (805) 654-0326

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNY D. FIELDS, an individual, and ALETHIA M. ALVARADO, an individual, <br><br> Plaintiff(s) <br><br> v. <br><br> CITY OF SAN BUENAVENTURA; SAN BUENAVENTURA POLICE DEPARTMENT; POLICE CHIEF KEN CORNEY, an individual; OFFICER CRAIG KELLY, an individual, OFFICER JOEL KLINE, an individual, and DOES 1-10, inclusive, <br><br> Defendant(s) | CASE NUMBER <br><br> **CV12-6739-GAF (MRWx)** <br><br> **SUMMONS** |

TO:   CITY OF SAN BUENAVENTURA; SAN BUENAVENTURA POLICE DEPARTMENT; POLICE CHIEF KEN CORNEY, an individual; OFFICER CRAIG KELLY, an individual, OFFICER JOEL KLINE, an individual, and DOES 1-10, inclusive,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint counterclaim ☐cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brian A. Vogel, Law Offices of Brian A. Vogel, whose address is 770 County Square Drive, Suite 104, Ventura, CA 93003.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: By: AUG - 6 2012 _____

By_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>Denny D. Fields, an individual and Alethia M. Alvarado, an individual | DEFENDANTS<br>City of San Buenaventura; San Buenaventura Police Department; Police Chief Ken Corney, an individual, Officer Craig Kelly, an individual; Officer Joel Kline, an individual, and DOES 1-10, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Brian A. Vogel, The Law Offices of Brian A. Vogel, 770 County Square Drive, Suite 104, Ventura, California 93003<br>(805) 654-0400 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant    □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☒ No          □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC § 1983 4th and 14th Am. Excessive Use of Force, False Arrest, Monell, Assault/Battery, Warrantless Entry

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | IMMIGRATION | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

**CV12-6739**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Denny D. Fields, an individual, Ventura<br>Alethia M. Alvarado, an individual, Ventura | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| City of San Buenaventura, Ventura; San Buenaventura Police Department, Ventura; Police Chief Ken Corney, unknown; Officer Craig Kelly, unknown; Officer Joel Kline, unknown. | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Brian Vogel_  Date 7/27/12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |